# UNITED STATES DISTRICT COURT

Eastern **District of** Michigan

UNITED STATES OF AMERICA

v.

Daniel Walls
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30335

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

5/30/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Daniel L. Walls, Order of Detention

This is a presumption case. Defendant is charged in a federal criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of Federal Drug/Violent Crime, and Narcotics-Manufacture or Possession with Intent to Distribute.

Defendant is 51 years old, single, and the father of 5 adult children. He has resided with his brother since November 2012 (when he was paroled from prison) in Conyers, Georgia. His ties to this district are tenuous. At the time he was arrested he was found in a rented hotel room at the Corktown Inn in the city of Detroit where he had been renting a room. He made three controlled sales of crack cocaine to an undercover officer. He has two sisters here with whom he speaks by telephone once a month. Defendant receives monthly Social Security Disability benefits for injuries he sustained in 1999 as a result of a gun shot wound to his lower extremities which have left him with limited function of one leg. He has no employment history.

Defendant's criminal history qualifies him as a career criminal, and he is facing a mandatory minimum of 20 years to life if convicted on these charges. He is currently on parole and his Georgia parole officer has today filed a parole detainer on him.

Defendant has six felony convictions on his record. His convictions begin in 1996 when he was found guilty of Possession of Cocaine and was sentenced to two years probation. Two months later he was convicted of Carrying a Concealed weapon and was sentenced to three years probation. Two months later (10/12/96) Defendant was convicted of Attempt Delivery/Manufacture Controlled Substances and was sentenced to 5 years probation. The period of probation was terminated and he was discharged with an "unsuccessful discharge". In 1998 Defendant was convicted of Police Officer-Fleeing-Third Degree and was sentenced to one year probation. In 1999 Defendant was convicted of Assault with Intent to Murder, Weapons-Felony Firearm, Home Invasion 1st Degree and Home Invasion 2nd Degree. He was sentenced to 11 years 3 months to 20 years on Counts 1,3 &4, and on Count 2 was sentenced to 2 years consecutive. Defendant was paroled on 11/27/12, less than six months before he was arrested for engaging in the sales of crack cocaine which resulted in these charges being brought. A parole hold was filed today.

Defendant's entire adult history is a continuum of drug activities, weapons charges, and violent crimes. He was selling crack cocaine out of a rented hotel room when these charges were brought, less than six months since he was paroled from prison. He has no formal residence, and certainly has no resident status in this community, and he has no employment. He seems to have had no deterrent effect whatsoever from his lengthy term of incarceration.

There is clear and convincing evidence that Defendant poses a danger to the community. Pretrial Services has concluded as much, and recommends detention. This Court also finds that because of Defendant's lack of significant ties to this community that he also poses a risk of flight.

The presumption of detention has not been satisfactorily rebutted.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.